[L. A. No. 8515. In Bank.—March 10, 1927.]

LOUIS JOHNSTON et al., Respondents, v. EMILLA JUNE FIELD et al., Appellants.

[1] DEEDS—ACTION TO SET ASIDE—FRAUD — UNDUE INFLUENCE — CONFLICTING EVIDENCE.—In this action to set aside a deed upon the ground of fraud and undue influence, lack of consideration, and lack of delivery, it is held that the case presents such a conflict of evidence that the findings and judgment in favor of the plaintiff should be upheld on appeal.

---

(1) 4 C. J., p. 848, n. 35, p. 876, n. 78, · p. 883, n. 33; 18 C. J., p. 438, n. 62, p. 442, n. 7, p. 445, n. 34, p. 447, n. 46.

APPEAL from a judgment of the Superior Court of Orange County. R. Y. Williams, Judge. Affirmed.

The facts are stated in the opinion of the court.

Head, Rutan & Scovel for Appellants.

Roland Thompson and James L. Davis for Respondents.

RICHARDS, J.—This is an appeal from a judgment of the superior court in and for the county of Orange in favor of the plaintiffs in an action brought by them to

set aside a deed executed by one Eva Jeanette Shaffer, since deceased, on the fourth day of April, 1922, by which deed she purported to transfer to the defendants and appellants certain real property constituting practically the whole of her estate. The alleged grounds upon which the plaintiffs sought to have said conveyance set aside were that the same was obtained by said grantees by fraud and undue influence and that the same was without consideration and was never in fact delivered by said grantor to the grantees named therein. The cause was tried by the court, sitting without a jury, at the conclusion of which trial the court made its findings of fact and conclusions of law wherein the averments of the plaintiffs were sustained and the said conveyance avoided. The sole contention of the appellants is that the findings of the trial court in the foregoing regard were insufficiently supported by the evidence. Practically the entire brief of the appellants, consisting of eighty printed pages, is devoted to a review of the evidence in the case. The brief of the respondents is also largely made up of a similar recital of the evidence which, it is claimed, sustains the findings and conclusions of the trial court. We are thus brought to an examination of the entire record, with a view to determining whether, upon the several issues presented at the trial, the evidence is so far conflicting that we ought not to disturb the findings and judgment of the trial court. We are satisfied from such a review that such is the case. The grantor of the deed in question was an infirm old woman, of whom the plaintiffs and defendants are her children by two marriages and constitute her only heirs. At the time of her death she was of the age of seventy-five years, and during the several days preceding her death, and during the course of which the conveyance in question was made, was in a dying condition, and was so known to be, not only by her said children, but also by the physicians who were in attendance upon her during said period. It would be useless to attempt to review in detail the testimony of her said children and of her said physicians in order to point out the sharply conflicting evidence given by these witnesses as to the mental and physical condition of the grantor of this conveyance during these several days preceding her decease. [1] We shall not, there-

fore, attempt such review, but will merely state it to be our fixed conclusion that the case presents such a conflict in the evidence that the judgment of the trial judge who, acting impartially, and after seeing the parties and hearing the evidence in the case, reached the conclusion that the conveyance ought not to stand, should be upheld.

The judgment is affirmed.

Seawell, J., Shenk, J., Waste, C. J., Curtis, J., Preston, J., and Langdon, J., concurred.